IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, ) ) ) | CASE NUMBER: |
| PLAINTIFF, ) ) | 2.07-CV-1084 |
| VS. ) ) | |
| ROBERT W. CAVINESS, DALLAS C. CAVINESS, and RHONDA CAVINESS PIERCE (in her capacity as guardian for DEVIN L. CAVINESS, a minor), ) ) ) ) ) | |
| DEFENDANTS. ) | |

## **ANSWER**

Come now, the Defendants, Dallas C. Caviness and Rhonda Caviness Pierce (in her capacity as guardian for Devin L. Caviness, a minor) and answer Plaintiff's complaint as follows:

### Parties

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

### Jurisdiction

5. Admitted.

6. Admitted.

### Interpleader

7. Admitted.

8. Admitted.

9. Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny the same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Upon information and belief, Defendants admit the averments of this paragraph.

14. Admitted.

15. Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny the same.

16. Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny the same.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Defendants deny that Plaintiff is entitled to attorney's fees as a result of bringing the interpleader action. Defendants are without knowledge sufficient to

form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, deny the same.

## DEFEDANTS' INTERPLEADER CLAIM FOR RELIEF

In addition to their response to Plaintiff's complaint in Interpleader, Defendants also assert the following claim to the insurance proceeds to be deposited with this Court:

1. Plaintiff issued a group life insurance policy to its Policyholder, Trustees of the National Elevator Industry Health Benefit Plan ("NEIHBP"), as part of NEIHBP's multi-employer benefit plan.

2. George W. Caviness, Jr., father of Dallas Caviness and Devin Caviness, was an employee of a participating employer as those terms are defined by the Group Policy and was eligible for life insurance coverage under the Group Policy.

3. On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving the marriage of George W. Caviness, Jr. and Rhonda R. Caviness.

4. As part of the Final Judgment of Divorce, the Court ratified, approved, and confirmed the Agreement of the Parties executed on January 23, 2004 by George W. and Rhonda Caviness.

5. The Final Judgment of Divorce and Agreement of the Parties provided, in part, that George W. Caviness, Jr. "shall maintain and name [Devin L. Caviness and Dallas C. Caviness] the irrevocable beneficiary of a policy of life

insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid."

6. Plaintiff claims that Robert W. Caviness, the brother of George W. Caviness, was named as the beneficiary to the life insurance benefits under the Group Policy by designation dated December 13, 2004.

7. George W. Caviness, Jr. passed away on January 25, 2007. Accordingly, $40,000, plus interest, is due under the terms of the Group Policy.

8. Pursuant to federal and state case law, including decisions from the Middle District of Alabama, the alleged designation of Robert W. Caviness, contrary to the Divorce Judgment entered by the Circuit Court of Shelby County, was ineffective as a matter of law. *See Lewis v. Bice*, 1997 U.S. Dist. Lexis 21560 (M.D. Ala. July 30, 1997)(Dement, J.).

9. Accordingly, the proceeds under the Policy of Insurance are properly due and payable to Dallas C. Caviness and Rhonda Caviness Pierce (in her capacity as guardian for Devin L. Caviness, a minor).

WHEREFORE, premises considered, Defendants respectfully request that this Court enter an order:

1. Finding the alleged designation of Robert W. Caviness ineffective as a matter of law.

2. Establishing that the proceeds from Group Policy are due and payable to Dallas C. Caviness and Rhonda Caviness Pierce (in her capacity as guardian for Devin L. Caviness, a minor).

3. Finding that the Plaintiff's interpleader was not justified and that Plaintiff is not entitled to attorney's fees and costs.

Respectfully Submitted,

/s/ John W. Dodson
John W. Dodson
Patrick G. Montgomery
Attorneys for Defendants, Dallas Caviness
and Rhonda Caviness Pierce

Of Counsel:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, AL  35243

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that I have on 8th day of January, 2008, served a copy of the foregoing pleading electronically via CM/ECF system and U.S. Mail:

George W. Walker, III, Esq.
COPELAND, FRANCO, SCREWS, & GILL
Post Office Box 347
Montgomery, Alabama 36101-0347
Tel: (334) 834-1180
Email: <u>walker@copelandfranco.com</u>

Robert W. Caviness
Rt.1, Box 132J
Alexander City, Alabama 35010

                                          <u>/s/ John W. Dodson</u>
                                          OF COUNSEL

157954