IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | ) ) ) | |
| PLAINTIFF, | ) ) | CASE NUMBER: |
| VS. | ) ) ) | 2.07-CV-1084 |
| ROBERT W. CAVINESS, DALLAS C. CAVINESS, and RHONDA CAVINESS PIERCE (in her capacity as guardian for D. C., a minor), | ) ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

## MOTION FOR SUMMARY JUDGMENT

COME NOW, Dallas C. Caviness and Rhonda Caviness (in her capacity as guardian for D. C., a minor) (hereinafter the "Caviness Defendants"), Defendants in the above-styled Complaint in Interpleader, by and through counsel, hereby move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and request that the Court (1) grant judgment in their favor against remaining interplead Defendant Robert W. Caviness; and (2) enter orders, in accordance with their pleadings, establishing their right to the subject insurance proceeds, and award the Caviness Defendants all other relief to which they are entitled.

In support of their Motion, the Caviness Defendants present the following Narrative Statement of Undisputed Fact, Brief in Support of Motion for Summary Judgment and the following exhibits:

{W0206099.1 }

A.  Final Judgment of Divorce.

B.  Agreement of the Parties.

C.  Death Certificate of George W. Caviness, Jr.

D.  Affidavit of Rhonda Pierce.

E.  Enrollment and Information Changes form.

## NARRATIVE STATEMENT OF UNDISPUTED FACTS

1.      ReliaStar Insurance Company issued group life insurance policy 63306-2-GAT (the "Group Policy") to Policyholder, Trustees of the National Elevator Industry Health Benefit Plan ("NEIHBP"), as part of the NEIHBP's multi-employer benefit plan as that term is defined by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.*  (Complaint in Interpleader, ¶ 7)

2.      George W. Caviness, Jr. was an employee of a participating employer as those terms are defined by the Group Policy and was eligible for life insurance coverage under the Group Policy beginning on September 1, 1992. (Complaint in Interpleader, ¶ 8)

3.      On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving the marriage of George W. Caviness, Jr. and Rhonda R. Caviness, who is now known as Rhonda Pierce. (Final Judgment of Divorce, attached as Exhibit A)

4.      As part of the Final Judgment of Divorce, the Court ratified, approved and confirmed the Agreement of the Parties executed on January 23,

2004, by George W. Caviness, Jr. and Rhonda R. Caviness. (Affidavit of Rhonda Pierce, attached as Exhibit D and Final Judgment of Divorce, attached as Exhibit A)

5.      The Agreement of the Parties provides, in part, that George W. Caviness, Jr. shall maintain and name the children [D. C. and Dallas C. Caviness] the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. (Agreement of the Parties, attached as Exhibit B)

6.      The Agreement of the Parties called for support and maintenance of the minor child [D. C.], "until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur." (Agreement of the Parties, attached as Exhibit B)

7.      On January 25, 2007, D. C. was 15 years old. He was not married or self-supporting. (Affidavit of Rhonda Pierce, attached as Exhibit D)

8.      George W. Caviness, Jr. passed away on January 25, 2007, due to sequaele secondary to acute and chronic ethanol abuse. (Death Certificate of George W. Caviness, Jr., attached as Exhibit C)

9.      Forty-Thousand Dollars ($40,000.00) is due and payable as life insurance benefits under the Group Policy as a result of the death of George W. Caviness, Jr. (Complaint in Interpleader, ¶ 13)

10.      Dallas C. Caviness filed a claim for the life insurance benefits insuring the life of George W. Caviness, Jr. claiming entitlement by virtue of the

Final Judgment of Divorce and Agreement of the Parties entered in the Circuit Court of Shelby County, Alabama. (Complaint in Interpleader, ¶ 17)

11.     Rhonda Caviness Pierce, in her capacity as mother and guardian of D. C., a minor, filed a claim for the life insurance benefits insuring the life of George W. Caviness, Jr. on behalf of D. C. by virtue of the Final Judgment of Divorce and Agreement of the Parties entered in the Circuit Court of Shelby County, Alabama. (Complaint in Interpleader, ¶ 18)

12.     On December 13, 2004, George W. Caviness, Jr. designated his brother, Robert W. Caviness, as the beneficiary of his life insurance benefits under the Group Policy. (Complaint in Interpleader, ¶ 9 and Enrollment and Information Changes form, attached as Exhibit E)

13.     Robert W. Caviness filed a claim for the life insurance benefits insuring the life of George W. Caviness, Jr. claiming entitlement by virtue of his status as the named beneficiary. (Complaint in Interpleader, ¶ 16)

14.     On December 12, 2007, ReliaStar Insurance Company, faced with competing claims, filed a Complaint in Interpleader with this Court and deposited the disputed funds into the Court's Registry. (Complaint in Interpleader)

## STANDARD OF REVIEW

1.     A party is entitled to summary judgment "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 106 S. Ct. 2548, 91 L. Ed. 2d, 265 (1986). The moving party has the initial burden of demonstrating to the court the basis for its motion and identifying the specific portions of the record establishing the absence of a genuine issue of material fact. *Id*. at 323, 106 F. Ct. 2548. This burden is satisfied either by presentation as evidence showing there is no genuine dispute as to material facts, or by showing that the nonmoving party has failed to present evidence in support of the elemental prerequisites to his or her claims on which the nonmoving party has the burden of proof. *Id*. at 322-324, 106 F. Ct. 2548.

2.    Evidence submitted in opposition to summary judgment by the nonmoving party is entitled to be believed. Moreover, the nonmoving party can contest summary judgment with justifiable inferences drawn from the evidence. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. ct. 2505, 91 L. Ed. 2d 202 (1986). Even with this presumption, the nonmoving party cannot rely on the pleadings and must demonstrate a genuine issue for trial through its own affidavits or by specific record citations, including depositions and admissions on file. FRCP 56(e). The nonmoving party ". . . must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L. Ed. 2d 538 (1986). Absent competent evidence of a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. FRCP 56(c).

## BRIEF IN SUPPORT OF MOTION FOR
## SUMMARY JUDGMENT

The undisputed facts of this case demonstrate that George W. Caviness was under a legal obligation to name his two minor sons as beneficiaries to his life insurance proceeds. The Final Judgment of Divorce required George W. Caviness, Jr. to maintain and name D. C. and Dallas Caviness the irrevocable beneficiaries of the policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. At the time of his death, George W. Canniness, Jr. was obligated to pay child support for D. C. In January of 2007, D. C. was still a minor, unmarried and supported solely by his mother. Instead of maintaining his children as irrevocable beneficiaries under his employer's life insurance policy, George W. Caviness, Jr. named his brother, Robert W. Caviness, as the beneficiary of the policy proceeds.

The question before the Court is whether George W. Caviness, Jr., an employee benefit welfare plan participant, waived his right to change the beneficiary of his life insurance under the plan by entering into the property settlement incorporated in the divorce decree. The law in Alabama and this District provides that when George W. Caviness, Jr. entered into the divorce settlement, he waived the right to name anyone other than his children as beneficiaries to the policy.

The question was addressed in this District in a nearly identical case.  In *Lewis v. Bice*, U.S. Dist. LEXIS 21560 (M.D. Ala. 1997), Gregory Bice was a participant in his employer's benefit welfare plan.  He obtained a life insurance policy through the plan wherein he named his spouse, Tammy Bice Lewis, as beneficiary.  In 1991, Gregory Bice and Tammy Bice Lewis divorced.  The order of marriage dissolution entered by the state court incorporated a marital agreement executed by the parties.  The marital agreement included a provision that required Gregory Bice to name the couple's two children as irrevocable beneficiaries of the life insurance policy until the youngest son reached the age of twenty-two.

In 1992, Gregory Bice remarried and, in 1995, he modified his life insurance policy to name his new spouse as the primary beneficiary.  Gregory Bice died in 1996.  Following his death, Tammy Bice Lewis, as next friend for the two children, filed suit in state court requesting the court declare the children as the rightful beneficiaries of Gregory Bice's life insurance.  The defendant removed the case to federal court.

The District Court in *Lewis* engaged in a three-step analysis in determining the participant's waiver of his right to change the beneficiary under the ERISA plan. First, Judge DeMent concluded that ERISA does not address whether a participant may waive his right to designate a beneficiary.  Second, since the issue is not addressed in ERISA, the court determined it must look for guidance in the

federal common law. [1]  In turn, federal common law requires the prevailing state common law be consulted and adopted, as long as the state common law comports with the policy behind ERISA.  Judge DeMent found prevailing state common law provides that if a divorce decree requires an irrevocable life insurance beneficiary designation be made, the designee is entitled to the proceeds even if the decedent designated another beneficiary.  Third, Judge DeMent concluded Alabama's common law is consistent with the policy behind ERISA.

In *Lewis*, Judge DeMent turned to Alabama state law to determine who should receive the proceeds of Mr. Bice's insurance.  He reviewed the case of *Williams v. Williams*, 276 Ala. 43, 158 So. 2d 901 (Ala. 1963).  In *Williams*, the beneficiary named in a life insurance policy conflicted with the insured's promise, memorialized in a divorce decree, to make his children irrevocable beneficiaries under that policy.  The court held the insured's children were entitled to the proceeds of the insurance policy. The *Williams* court stated as follows:

> An agreement by an insured, in consideration of the settlement of property rights by which he agrees to make his children the sole irrevocable beneficiaries of a policy of life insurance, vests them with an equitable interest therein which may not be defeated without their consent, and the insured cannot defeat the equitable right of a beneficiary by failing to act.... The legal consequence of the decree in the divorce suit was to give the children a vested equitable interest in the policy, and the

---

[1]    Although 29 U.S.C. § 1104(a)(1)(D) states that a "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants . . . and beneficiaries and in accordance with the documents and instruments governing the plan," "[o]ther Circuits have held that ERISA does not answer the question of who should receive the proceeds of an insurance policy when there is a conflict between the named beneficiary and the mandate of marriage dissolution documents; instead, these courts have relied on federal common law to inform their decisions." *Lewis* at *5.  See also *Metropolitan Life Insurance Company v. Flinkstrom*, 10-11 (Mass. 2004) (citing Estate of *Altobelli v. Int'l Bus. Machs. Corp.*, 77 F.3d 78, 80-82 (4th Cir. 1996); *Mohamed v. Kerr*, 53 F.3d 911, 914-15 (8th Cir. 1995), cert. denied, 516 U.S. 868 (1995); *Brandon v. Travelers Insurance Co.*, 18 F.3d 1321, 1326-27 (5th Cir. 1994); *Metro. Life Ins. Co. v. Hanslip*, 939 F. 2d 904, 907 (10th Cir. 1991); *Fox Valley & Vincinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 280-82 (7th Cir. 1990), cert. denied, 498 U.S. 820 (1990)).

subsequent change of beneficiary did not establish superior rights in the new beneficiary.

The Alabama Supreme Court addressed the issue again in the more recent case of *Hanner v. Metro Bank*, 952 So. 2d 1056 (Ala. 2006). In *Hanner*, a divorce decree required Bret Hanner to maintain his life insurance policy and name his son as the irrevocable beneficiary. Mr. Hanner later assigned the proceeds of the life insurance to a bank as collateral for a loan. Relying on *Williams*, the court held that the language in the divorce decree created in the child a vested equitable interest in the insurance policy. See also *Frawley v. U.S. Steel Mining Co.*, 496 So. 2d 731 (Ala. 1986)(applying the rule developed in *Williams*).

In *Lewis*, Judge DeMent concluded the participant's children were entitled to the proceeds from an employer life insurance plan. The court denied the claim of the widow (his designee) because under the marital agreement incorporated into the participant's order of marital dissolution Mr. Bice agreed to designate his children as irrevocable beneficiaries of such life insurance, thereby creating an equitable interest in the proceeds for the children and waiving his right to designate an alternate beneficiary.

Judge DeMent's application of federal common law in *Lewis* to determine the proper recipient of benefits under an ERISA plan when a party has waived its rights in external documents is a method accepted in the majority of Circuits, including the Eleventh Circuit. If the statutory text of ERISA is silent on an issue, courts have the authority "to develop a body of federal common law to govern

issues in ERISA actions not covered by the act itself." *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1041 (11th Cir. 1998) (citation omitted); see also *Dixon v. Life Ins. Co. of N. Am.*, 389 F.3d 1179, 1183 (11th Cir. 2004) ("Although comprehensive in many respects, ERISA is silent on matters of contract interpretation. The courts have thus produced a body of federal common law providing such guidance.").

In *Estate of Altobelli v. Int'l Business Machines*, 77 F.3d 78 (4th Cir. 1996), the Court was asked to determine "whether a divorced spouse, who was the designated beneficiary under her ex-husband's ERISA plan, effectively waived her benefits via marital settlement agreement that was incorporated into a divorce decree." The *Altobelli* Court held that "ERISA" does not address this topic directly, so federal courts may resolve it by developing federal common law." *Id.* at 80.

The Fifth Circuit has also adopted the federal common law approach, stating, "in this Circuit, the determination of who is entitled to the proceeds of an ERISA plan providing . . . benefits may depend upon more than merely the plan documents, and may be properly defined by reference to the federal common law of waiver as applied to the particular facts of the case." *Manning v. Hayes*, 212 F.3d 866, 871 (5th Cir. 2000). The Court in *Manning* noted that "the Sixth Circuit is the only circuit to unambiguously employ this minority approach (referring to the Sixth Circuit's sole reliance on ERISA § 1104(d) in determining payment of plan benefits).

In *Fox Valley & Vic. Const. Wkrs. Pen. F. v. Brown*, 897 F.2d 275, 281 (7th Cir. 1990), the Court noted that "[t]he ability of a spouse to waive rights to a benefit through a specific waiver in a divorce settlement has been recognized by many courts and we adopt that rule for the purposes of ERISA."

In *Mohamed v. Kerr*, 53 F.3d 911, 913 (8th Cir. 1995), the Court noted that "where there is no federal statutory law to apply in ERISA litigation, federal common law . . . should be applied."  In *Mohamed*, the Court applied such federal law of waiver and concluded that "a settlement entered into pursuant to a judgment of dissolution may divest a former spouse of beneficiary rights . . . even when the beneficiary designation has not been changed before the death of the insured."  Id. at 914 (referring to *Metropolitan Life Ins. Co. v. Hanslip*, 939 F.2d 904 (10th Cir. 1991))[2].

## **CONCLUSION**

In the present case, the Agreement of the Parties attached to the Final Judgment of Divorce required George W. Caviness, Jr. to name Dallas Caviness and D. C. as irrevocable beneficiaries under his insurance policy.  The agreement states in Section 4, paragraph (d) as follows:

> Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid.  Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy

---

[2] In *Metropolitan Life Ins. Co. v. Hanslip*, the Court held "that absent any applicable divorce decree dictating otherwise, the beneficiary designation on file controls the disposition of this case. *Hanslip* at 907.

that said coverage is in full force and effect and that all premiums due have been paid.

Under the law of this Circuit, George W. Caviness, Jr. waived his right to change the policy beneficiary. At the time George W. Caviness, Jr. signed the change of beneficiary form, he no longer retained the prerogative of renaming the beneficiary. Accordingly, D. C. and Dallas Caviness are entitled to the proceeds of the policy.

WHEREFORE, the Caviness Defendants respectfully request that this Court (1) grant judgment in their favor against remaining interplead Defendant Robert W. Caviness; and (2) enter orders, in accordance with their pleadings, establishing their right to the subject insurance proceeds, and award the Caviness Defendants all other relief to which they are entitled.

DATED this the 19th day of June, 2008.

/s/ John W. Dodson
John W. Dodson (ASB-9724-D65J)
*Attorney for Rhonda Caviness Pierce and Devin
L. Caviness*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George W. Walker, III, Esq.
COPELAND, FRANCO, SCREWS, & GILL
Post Office Box 347
Montgomery, Alabama 36101-0347
Tel: (334) 834-1180
Email: walker@copelandfranco.com

Terrie. S. Biggs, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Tel: (334) 241-8000
tsb@chlaw.com

Thomas H. Claunch, III, Esq.
HARDING & CLAUNCH, LLC
2800 Zelda Road, Suite 100-9
Montgomery Alabama, 36106
Tel: (334) 356-6070
tclaunch@knology.net


/s/ John W. Dodson
OF COUNSEL



EXHIBIT

A

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

*IN RE:    THE MARRIAGE OF*

RHONDA R. CAVINESS,         )
                                      )
           PLAINTIFF,    )
                                      )    CIVIL ACTION NO.:
VS.                       )    DR 03 857 HBH
                                      )
GEORGE W. CAVINESS, JR.,   )
                                      )
           DEFENDANT.   )

## FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:      That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:      That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:      That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:      That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:      It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, 1975 Code of Alabama, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

        SIXTH:        That costs of Court in this cause are taxed as paid.

        SEVENTH:   In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

**\*\*\* Final Item \*\*\***

DONE and ORDERED this the 23rd day of February, 2004.

_____
CIRCUIT JUDGE



I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of the original decree rendered by the Judge of the Circuit Court in the above stated cause, which said decree is on file and enrolled in my office.

Witness by hand and seal this the 23rd

day of February 2004

_____
Mary N Harris
Clerk & Register of Circuit Court

### Addendum No. 1 to Final Judgment of Divorce

### RELOCATION OF CHILD (REN)

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)    The intended new residence, including the specific street address, if known.

(2)    The mailing address, if not the same as the street address.

(3)    The telephone number or numbers at such residence, if known.

(4)    If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)    The date of the intended change of principal residence of a child.

(6)    A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)    A proposal for a revised schedule of custody of or visitation with a child, if any.

(8)    Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

Your failure to notify other parties entitled to notice of your intent to change the

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.



EXHIBIT

tabbies

_B_

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

RHONDA R. CAVINESS,        )
                         )
        PLAINTIFF,     )
                         )     CIVIL ACTION NO.:
VS.                   )     DR 2003 857 HBH
                         )
GEORGE W. CAVINESS, JR.,   )
                         )
        DEFENDANT.   )

## AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as "Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their affairs and have expressed the desire that this Agreement be made a part of any final judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as follows:

1.     **Custody.**

    (a)    The Wife shall have the care, custody and control of the minor children of the marriage, namely, Dallas Caviness, 18 years of age, d.o.b. August 21, 1985 and Devin Caviness, 12 years of age, d.o.b. April 2, 1991.

    (b)    It is the intention of the parties that the minor children have free and open access to both parents; they shall foster that access by permitting and

Initials

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

**2.    <u>Child Support and Income Withholding Order</u>.**

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, Devin Caviness, until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur. It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification. However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time. No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to <u>Code of Alabama</u>, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer. As an alternative, Husband shall make all payments directly to Wife.

**3.    <u>College Education</u>.**

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education. This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama. Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like. The parties' obligation for said expenses shall be conditioned

Initials

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.    **Insurance.**

*Medical Insurance*

(a)    Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein. Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)    Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)    Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party. If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Initials

*Life Insurance*

(d)     Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

5.     **Alimony.**

The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

6.     **Real Property.**

Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

7.     **Personal Property.**

*Furniture and Furnishings*

(a)     The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

(b)     The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Initials

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)     Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)     The 1971 Chevelle shall be transferred to the minor child, Dallas Caviness as soon as practicable for his use and benefit.

### *Other Personal Property*

(e)     The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.     **Debts.**

(a)     Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith.

(b)     Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Caviness v. Caviness DR 03 857 HBH<br>Agreement of the Parties<br>Page 5 of 7

Initials

(c)     Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)     Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)     Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.     **Attorney's Fee and Court Costs.**

(a)     Each party shall be responsible for the payment of his or her attorney fees.

(b)     Court costs shall be taxed as paid.

10.     **Miscellaneous.**

(a)     That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)     Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

do all other things necessary to this end. If either party shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment, and conveyance of property and rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

(c)    Each party hereto has made a full disclosure of his or her assets and liabilities, each has been fully informed of his or her legal rights and obligations hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

(d)    The parties understand that this agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreements between them upon the subjects covered in this document. There are no representations or warranties other than as set forth herein.

WITNESS MY HAND and SEAL this the 23rd day of January, 2004.

_____    _____
Witness                         Rhonda R. Caviness

WITNESS MY HAND and SEAL this the 23rd day of January, 2004.

_____    _____
Witness                         George W. Caviness, Jr.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 7 of 7

_____
Initials

THE FRONT OF THIS DOCUMENT IS PINK - THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

This is a true and exact copy of the record on file with
The Jefferson County Department of Health

Signature of Local or Deputy Registrar

February 12, 2007

Date of Issue

EXHIBIT
C

TYPE IN PERMANENT
BLACK INK. DO NOT
USE GREEN, RED, OR
BLUE INK.

# ALABAMA
## CERTIFICATE OF DEATH

County File Number —

State File Number 101

| 1. DECEASED—NAME   First   Middle   Last   (Type last name all capitals) | 2. DATE OF DEATH (Month, Day, Year) | 3. COUNTY OF DEATH |
|---|---|---|
| George  Walter  CAVINESS Jr. | January 25, 2007 | Jefferson |

| 4. CITY, TOWN, OR LOCATION OF DEATH AND ZIP CODE | 5. INSIDE CITY LIMITS (Specify Yes or No) | 6. PLACE OF DEATH—HOSPITAL OR OTHER INSTITUTION—(If not in either, give street and number) |
|---|---|---|
| Gardendale    35071 | Yes | 4647 Cades Cove Drive |

| 7. IF HOSPITAL (Specify Inpatient, ER or Outpatient, DOA) | 8. OF HISPANIC ORIGIN (Specify Yes or No) If Yes, Specify Cuban, Mexican, Puerto Rican, etc. | 9. RACE—(Specify American Indian, Black, White, etc.) | 10. SEX |
|---|---|---|---|
| | No | White | Male |

| 11. AGE | UNDER 1 YEAR | UNDER 1 DAY | 13. DATE OF BIRTH (Month, Day, Year) | 14. DECEASED'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| 45 YRS. | MOS. DAYS | HOURS MINS. | January 17, 1962 | 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 |

| 15. EDUCATION (Specify ONLY highest grade completed below) Elementary or High School (0-12)  College (1-4 or 5+) | 16. MARITAL STATUS (Specify Married, Never Married, Widowed, Divorced) | 17. SURVIVING SPOUSE (If wife, give maiden name) | 18. Was Decedent ever in Armed Forces (Specify Yes or No) |
|---|---|---|---|
| 12 | Divorced | | No |

| 19. STATE OF BIRTH (If not in USA, name country) | 20. RESIDENCE—STATE | 21. COUNTY | 22. CITY, TOWN, OR LOCATION AND ZIP CODE |
|---|---|---|---|
| Alabama | Alabama | Jefferson | Gardendale    35071 |

| 23. INSIDE CITY LIMITS (Specify Yes or No) | 24. STREET AND NUMBER | 25. INFORMANT—Name and Address |
|---|---|---|
| Yes | 4647 Cades Cove Drive | Dallas Caviness 1554 Sequoia Trail Helena Alabama 35080 |

| 26. USUAL OCCUPATION (Give kind of work done during most of working life even if retired) | 27. KIND OF BUSINESS OR INDUSTRY |
|---|---|
| Technician | Elevator Service |

| 28. FATHER—NAME   First   Middle   Last | 29. MAIDEN NAME OF MOTHER—   First   Middle   Last |
|---|---|
| George  Walter  Caviness, SR. | Barbara  McCarty |

| 30. DISPOSITION OF BODY (Specify Burial, Cremation, Medical Donation, Hospital Disposal, Other) | 31. DATE OF DISPOSITION (Month, Day, Year) | 32. CEMETERY OR CREMATORY—Name | 33. LOCATION—(City or Town—State) |
|---|---|---|---|
| Cremation | Jan 27, 2007 | John's Ridouts | Birmingham Alabama |

| 34. FUNERAL HOME—Name and Address | 35. FUNERAL DIRECTOR—Signature | 36. DATE SIGNED BY FUNERAL DIRECTOR |
|---|---|---|
| Gardendale Chapel 2029 Decator Hwy. G'dale Al. 35071 | Shirley Chappell | Jan. 30, 2007 |

| 37. Certifying Physician (Physician certifying cause of death) "To the best of my knowledge death occurred at the time and date, and due to the cause(s) and manner stated."   Medical Examiner / Coroner "On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, place, and due to the cause(s) and manner stated." Signature: Robert M. Brissie MD. | 38. DATE SIGNED (Month, Day, Year) February 8, 2007 |
|---|---|

| 39. TIME AND DATE OF DEATH | 40. DATE AND TIME PRONOUNCED DEAD (For Coroner / M.E. use only) | 41. NAME AND TITLE OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46) |
|---|---|---|
| January 25, 2007 | January 25, 2007 @ 1020 | Robert M. Brissie, M.D. Chief Coroner/Medical Examiner |

| 42. ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46) | 43. CERTIFIER LICENSE NUMBER |
|---|---|
| 1515 South Sixth Avenue; Birmingham, Alabama    35233 | 9504 |

| 44. REGISTRAR—Signature | For State or County use only | 45. DATE FILED (Month, Day, Year) |
|---|---|---|
| Sherry L Myers | | February 8, 2007 |

## MEDICAL CERTIFICATION

| 46. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. LIST ONLY ONE CAUSE ON EACH LINE. | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. Sequelae secondary to acute and chronic ethanol abuse. DUE TO (OR AS A CONSEQUENCE OF): | |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST   b. DUE TO (OR AS A CONSEQUENCE OF): | |
| c. DUE TO (OR AS A CONSEQUENCE OF): | |

| 47. PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 48. WAS THERE A PREGNANCY IN LAST 42 DAYS? (Specify Yes, No, or Unk.) |
|---|---|
| | |

| 49. MANNER OF DEATH (Specify—Accident; Homicide, Suicide, Undetermined Circumstances, Pending Investigation, Natural Cause) | 50. AUTOPSY (Specify Yes or No) | 51. If yes, were findings considered in determining cause of death (Specify Yes or No) |
|---|---|---|
| Natural. | Yes | Yes |

| 52. HOW INJURY OCCURRED (Enter nature of injury in Item 46, Part I or Item 47, Part II) | 53. DATE OF INJURY (Month, Day, Year) | 54. HOUR OF INJURY M. |
|---|---|---|
| | | |

| 55. INJURY AT WORK (Specify Yes or No) | 56. PLACE OF INJURY—(Specify at home, farm, street, factory, office building, etc.) | 57. LOCATION OF INJURY (Street or R.F.D. No., City or Town, State) |
|---|---|---|
| | | |

This is a legal record and must be filed within five (5) days after death.

ADPH-HS 2/Rev. 11-93



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RELIASTAR LIFE INSURANCE COMPANY,    )
                                                 )                CASE NUMBER:
         PLAINTIFF,                )                2.07-CV-1084
                                                 )
VS.                                         )
                                               )
ROBERT W. CAVINESS, DALLAS C.       )
CAVINESS, and RHONDA CAVINESS      )
PIERCE (in her capacity as guardian for DEVIN  )
L. CAVINESS, a minor),              )
                                             )
         DEFENDANTS.           )

## AFFIDAVIT OF RHONDA CAVINESS PIERCE

STATE OF ALABAMA       )
COUNTY OF JEFFERSON    )

COMES NOW the Affiant, Rhonda Caviness Pierce, who, after first being duly sworn under oath, deposes and states that the following facts are within her personal knowledge, and if called as a witness, the Affiant would testify competently thereto:

1.    My name is Rhonda Caviness Pierce. I am over the age of nineteen (19) years and am competent to testify to the matters contained in this Affidavit. I am a resident of Shelby County, Alabama. I have personal knowledge of the contents of this affidavit.

2.    I am the mother of the defendants, Dallas Caviness, who was born on August 21, 1985 and D. C., who was born on April 2, 1991.

3.    On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving my marriage with George W.

Caviness, Jr.  A true and correct copy of the Final Judgment of Divorce is attached hereto as **Exhibit 1**.

3.      As part of the Final Judgment of Divorce, the Circuit Court of Shelby County ratified, approved and confirmed the Agreement of the Parties executed on January 23, 2004, by George W. Caviness, Jr. and Rhonda R. Caviness.  A true and correct copy of the Agreement of the Parties is attached hereto as **Exhibit 2**.

4.      At the time of George W. Caviness, Jr.'s death on January 25, 2007, D. C. was 15 years of age, unmarried and under my care, custody and control.  I was his sole means of support.

Further Affiant sayeth not.

_Rhonda Caviness Pierce_
RHONDA CAVINESS PIERCE

STATE OF ALABAMA            )
COUNTY OF JEFFERSON         )

     BEFORE ME, the undersigned authority, a notary public, in and for said county and state, personally appeared Rhonda Pierce, who being by me first duly sworn and who being known to me, deposes and states that the information set forth in the foregoing Affidavit is true and correct to the best of his knowledge, information and belief.

     SWORN TO and subscribed before me on this the ___4th___ day of June, 2008.

                  _Catherine A. Sellers_
NOTARY PUBLIC
My Commission Expires: ___11-4-08___

PAGE 3 OF 3

{W0206067.1 }

EXHIBIT
1

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

*IN RE:    THE MARRIAGE OF*

|  |  |  |
|---|---|---|
| RHONDA R. CAVINESS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| VS. | ) | DR 03 857 HBH |
| | ) | |
| GEORGE W. CAVINESS, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:    That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:    That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:    That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:    That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:    It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, <u>1975 Code of Alabama</u>, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

      SIXTH:      That costs of Court in this cause are taxed as paid.

      SEVENTH:  In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

### *** Final Item ***

DONE and ORDERED this the 23rd day of February, 2004.

                                      CIRCUIT JUDGE



I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of the original decree rendered by the Judge of the Circuit Court in the above stated cause, which said decree is on file and enrolled in my office.

Witness by hand and seal this the 23rd

day of February 2004

Mary N Harris
Clerk & Register of Circuit Court

## Addendum No. 1 to Final Judgment of Divorce

## RELOCATION OF CHILD (REN)

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)    The intended new residence, including the specific street address, if known.

(2)    The mailing address, if not the same as the street address.

(3)    The telephone number or numbers at such residence, if known.

(4)    If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)    The date of the intended change of principal residence of a child.

(6)    A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)    A proposal for a revised schedule of custody of or visitation with a child, if any.

(8)    Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

You must give notice to other parties entitled to notice of your intent to change the

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.

**EXHIBIT**

**2**

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

RHONDA R. CAVINESS,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　PLAINTIFF,　　　)
　　　　　　　　　　　　　　　)　　CIVIL ACTION NO.:
VS.　　　　　　　　　　　　　)　　DR 2003 857 HBH
　　　　　　　　　　　　　　　)
GEORGE W. CAVINESS, JR.,　　)
　　　　　　　　　　　　　　　)
　　　　　　　DEFENDANT.　　　)

## AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as "Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their affairs and have expressed the desire that this Agreement be made a part of any final judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as follows:

1.　**Custody.**

(a)　The Wife shall have the care, custody and control of the minor children of the marriage, namely, Dallas Caviness, 18 years of age, d.o.b. August 21, 1985 and Devin Caviness, 12 years of age, d.o.b. April 2, 1991.

(b)　It is the intention of the parties that the minor children have free and open access to both parents; they shall foster that access by permitting and

Initials

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

2.    <u>Child Support and Income Withholding Order</u>.

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, Devin Caviness, until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur.  It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification.  However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time. No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to <u>Code of Alabama</u>, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer. As an alternative, Husband shall make all payments directly to Wife.

3.    <u>College Education</u>.

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education. This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama. Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like. The parties' obligation for said expenses shall be conditioned

Initials

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.    **Insurance.**

*Medical Insurance*

(a)    Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein. Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)    Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)    Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party. If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Initials

*Life Insurance*

(d)    Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

5.    **Alimony.**

The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

6.    **Real Property.**

Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

7.    **Personal Property.**

*Furniture and Furnishings*

(a)    The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

(b)    The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 4 of 7

Initials

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)   Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)   The 1971 Chevelle shall be transferred to the minor child, Dallas Caviness as soon as practicable for his use and benefit.

### Other Personal Property

(e)   The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.   Debts.

(a)   Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith.

(b)   Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 5 of 7

Initials

(c)     Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)     Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)     Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.     **Attorney's Fee and Court Costs.**

(a)     Each party shall be responsible for the payment of his or her attorney fees.

(b)     Court costs shall be taxed as paid.

10.     **Miscellaneous.**

(a)     That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)     Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

do all other things necessary to this end.  If either party shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment, and conveyance of property and rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

        (c)     Each party hereto has made a full disclosure of his or her assets and liabilities, each has been fully informed of his or her legal rights and obligations hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

        (d)     The parties understand that this agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreements between them upon the subjects covered in this document.  There are no representations or warranties other than as set forth herein.

        WITNESS MY HAND and SEAL this the 23ᵈ day of January, 2004.

_____        _____
Witness                                               Rhonda R. Caviness

        WITNESS MY HAND and SEAL this the 23ᵈ day of January, 2004.

_____        _____
Witness                                               George W. Caviness, Jr.

Initials

**EXHIBIT E**

## ENROLLMENT AND INFORMATION CHANGES
## NATIONAL ELEVATOR INDUSTRY BENEFIT PLANS
### (Not to be used for National Elevator Industry 401(k) Plan)

(Please type or print in ink-Complete entire form)

**PLEASE READ REVERSE SIDE**

[ ] Helper- New to Trade
[ ] Retired    [ ] Active Employee
[ ] Address Change-This does not require Notarization
[ ] Dependent Add or Change-Provide required documentation-(SEE REVERSE SIDE)
[X] Beneficiary Add or Change

Employee Name _George W. Cariness Jr._    Soc. Sec. No. _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_
Address _4647 Cades Core Dr._
City _Bardendale_    State _AL_    Zip Code _35071_
Birth Date _1-17-62_ Hire Date _____ Union Local No. _24_ Home Telephone No. _(205) 223-382_

Failure to list eligible dependents and to supply required documentation may result in a denied Health Plan claim. False information may result in loss of eligibility and/or prosecution. (Spouses, children under age 19, full-time students under age 25, handicapped or disabled children are eligible dependents.)

### Eligible Dependents

| Last Name | First | Initial | Soc. Sec. No. | M/F | Date of Birth Month/ Day/Year | Relationship |
|---|---|---|---|---|---|---|
| Cariness | George | W. | 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 | M | 1-17-62 | Self |
| Cariness | Derik | L. | 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 | M | 4-2-92 | Son |
| | | | | | | |
| | | | | | | |

### Beneficiary Information

Name _Robert William Cariness_    Soc. Sec. No. _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_
Address _15 High Ridge Court_    Date of Birth _4-20-64_
City _Wetumpka_    State _AL_    Zip _____
Relation to Employee _Brother_    Share _100%_ Home Phone No. _(334) 514-0006_

### Beneficiary Information

Name _____    Soc. Sec. No. _____
Address _____    Date of Birth _____
City _____    State _____    Zip _____
Relation to Employee _____    Share ____%    Home Phone No. ( )

### (FOR ADDITIONAL AND/OR CONTINGENT BENEFICIARIES USE SEPARATE SHEET)

I hereby designate the above to be beneficiary of any benefits due from the National Elevator Industry Pension and Health Benefit Plans. This designation revokes any prior designation inconsistent herewith. I reserve the right to change the beneficiary, at my discretion and understand that any change is not effective unless this form is properly completed and received by the Benefits Office. If more than one beneficiary is named, payment shall be made in equal shares unless otherwise stated.

_George W. Cariness Jr._    Date _December 13, 2004_
Signature of Employee

Sworn to or affirmed and subscribed before me, a Notary Public, this _13_ day of _December_ 2004

_William E. Rhodes_
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 1, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd. Suite 200
Newtown Square PA 19073-3288

RS000005