# EXHIBITS

# A-G

MAR 0 6 2007

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

EXHIBIT

*A*

*IN RE: THE MARRIAGE OF*

RHONDA R. CAVINESS,            )
                               )
          PLAINTIFF,           )
                               )          CIVIL ACTION NO.:
                               )          DR 03 857 HBH
VS.                            )
                               )
GEORGE W. CAVINESS, JR.,       )
                               )
          DEFENDANT.           )

## FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:        That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:        That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:        That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:        That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:        It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

RS000019

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, <u>1975 Code of Alabama</u>, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

SIXTH:    That costs of Court in this cause are taxed as paid.

SEVENTH:    In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

*** Final Item ***

DONE and ORDERED this the 23rd day of February, 2004.

CIRCUIT JUDGE

I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of the original decree rendered by the Judge of the Circuit Court in the above stated cause, which said decree is on file and enrolled in my office.

Witness by hand and seal this the 23rd

day of February 2004

Mary N Harris
Clerk & Register of Circuit Court

## Addendum No. 1 to Final Judgment of Divorce

## RELOCATION OF CHILD (REN)

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)    The intended new residence, including the specific street address, if known.

(2)    The mailing address, if not the same as the street address.

(3)    The telephone number or numbers at such residence, if known.

(4)    If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)    The date of the intended change of principal residence of a child.

(6)    A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)    A proposal for a revised schedule of custody of or visitation with a child, if any.

(8)    Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

Your failure to notify other parties entitled to notice of your intent to change the

RS000021

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.

RS000022

MAR 0 6 2007

**EXHIBIT**

tabbies®

_B_

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

RHONDA R. CAVINESS,              )
                                 )
             PLAINTIFF,          )
                                 )     CIVIL ACTION NO.:
                                 )     DR 2003 857 HBH
VS.                              )
                                 )
GEORGE W. CAVINESS, JR.,         )
                                 )
             DEFENDANT.          )

## AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a

Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as

"Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their

affairs and have expressed the desire that this Agreement be made a part of any final

judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as

follows:

1.    **Custody.**

        (a)    The Wife shall have the care, custody and control of the minor

children of the marriage, namely,                              18 years of age, d.o.b.

        and                     , 12 years of age, d.o.b.

        (b)    It is the intention of the parties that the minor children have free

and open access to both parents; they shall foster that access by permitting and

**RS000023**

_Initials_

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

2.    **Child Support and Income Withholding Order.**

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, Devin Caviness, until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur. It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification. However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time. No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to Code of Alabama, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer. As an alternative, Husband shall make all payments directly to Wife.

3.    **College Education.**

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education. This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama. Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like. The parties' obligation for said expenses shall be conditioned

Initials

RS000024

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.     **Insurance.**

*Medical Insurance*

(a)     Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein. Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)     Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)     Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party. If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Initials

**RS000025**

*Life Insurance*

(d)  Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

5.    **Alimony.**

The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

6.    **Real Property.**

Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

7.    **Personal Property.**

*Furniture and Furnishings*

(a)  The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

(b)  The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 4 of 7

Initials

RS000026

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)     Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)     The 1971 Chevelle shall be transferred to the minor child, as soon as practicable for his use and benefit.

*Other Personal Property*

(e)     The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.     Debts.

(a)     Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith. .

(b)     Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 5 of 7

Initials

RS000027

(c)    Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)    Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)    Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.    **Attorney's Fee and Court Costs.**

(a)    Each party shall be responsible for the payment of his or her attorney fees.

(b)    Court costs shall be taxed as paid.

10.    **Miscellaneous.**

(a)    That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)    Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 6 of 7

Initials

RS000028

do all other things necessary to this end. If either party shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment, and conveyance of property and rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

(c)    Each party hereto has made a full disclosure of his or her assets and liabilities, each has been fully informed of his or her legal rights and obligations hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

(d)    The parties understand that this agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreements between them upon the subjects covered in this document. There are no representations or warranties other than as set forth herein.

WITNESS MY HAND and SEAL this the 23ʳᵈ day of January, 2004.

_____          _____
Witness                                                  Rhonda R. Caviness

WITNESS MY HAND and SEAL this the 23ʳᵈ day of January, 2004.

_____          _____
Witness                                                  George W. Caviness, Jr.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 7 of 7

Initials

RS000029

## ENROLLMENT AND INFORMATION CHANGES
## NATIONAL ELEVATOR INDUSTRY BENEFIT PLANS
### (Not to be used for National Elevator Industry 401(k) Plan)

(Please type or print in ink-Complete entire form)

**PLEASE READ REVERSE SIDE**

**EXHIBIT**

tabbies    C

[ ] Helper– New to Trade
[ ] Retired    [ ] Active Employee
[ ] Address Change-This does not require Notarization
[ ] Dependent Add or Change-Provide required documentation-(SEE REVERSE SIDE)
[X] Beneficiary Add or Change

Employee Name _George W. CAriness Jr._    Soc.Sec.No. _____
Address _4647 CAdes Core Dr._
City _BArndowdAle_    State _AL_    Zip Code _35271_
Birth Date _____    Hire Date _____    Union Local No. _24_    Home Telephone No. _(205) 223-3872_

Failure to list eligible dependents and to supply required documentation may result in a denied Health Plan claim. False information may result in loss of eligibility and/or prosecution.   (Spouses, children under age 19, full-time students under age 25, handicapped or disabled children are eligible dependents.)

### Eligible Dependents

| Last Name | First | Initial | Soc. Sec. No. | M/F | Date of Birth Month/ Day/Year | Relationship |
|-----------|-------|---------|---------------|-----|-------------------------------|--------------|
| CAriness | George | W. | | M | | Self |
| CAriness | Derik | L. | | M | | Son |
| | | | | | | |

### Beneficiary Information

Name _Robert William CAriness_    Soc. Sec. No. _____
Address _15 High Ridge Court_    Date of Birth _____
City _wetumpkA_    State _AL_    Zip _36093_
Relation to Employee _Brother_    Share _100%_    Home Phone No. _(390 636 2005_

### Beneficiary Information

Name _____    Soc. Sec. No. _____
Address _____    Date of Birth _____
City _____    State _____    Zip _____
Relation to Employee _____    Share ____ %    Home Phone No. (   )  _____

### (FOR ADDITIONAL AND/OR CONTINGENT BENEFICIARIES USE SEPARATE SHEET)

I hereby designate the above to be beneficiary of any benefits due from the National Elevator Industry Pension and Health Benefit Plans. This designation revokes any prior designation inconsistent herewith. I reserve the right to change the beneficiary at my discretion and understand that any change is not effective unless this form is properly completed and received by the Benefits Office. If more than one beneficiary is named, payment shall be made in equal shares unless otherwise stated.

_George W. Carriness Jr._    Date _December 13, 2004_
Signature of Employee

Sworn to or affirmed and subscribed before me, a Notary Public, this _13_ day of _December_ _2004_

_____
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 1, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd. Suite 200
Newtown Square PA 19073-3288

**RS000005**

THE FRONT OF THIS DOCUMENT IS PINK • THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK • HOLD AT AN ANGLE TO VIEW

# ALABAMA
## Center for Health Statistics

### ALABAMA
#### CERTIFICATE OF DEATH

EXHIBIT

D

101    07-03120

TYPE IN PERMANENT BLACK INK, DO NOT USE GREEN, RED, OR BLUE INK.

| 3. DECEASED—NAME First Middle Last | 5. DATE OF DEATH |
|---|---|
| George Walter CAVINESS Jr. | January 25, 2007 | Jefferson |

| 7. CITY, TOWN, OR LOCATION OF DEATH AND ZIP CODE | 8. INSIDE CITY LIMITS | 9. PLACE OF DEATH |
|---|---|---|
| Gardendale 35071 | Yes | 4647 Cades Cove Drive |

| 7a. IF HOSPITAL | 8. IF NOT INSTITUTION | RACE | 12. SEX |
| | No | White | Male |

| 11. AGE 45 | 13. DATE OF BIRTH | SOCIAL SECURITY NUMBER |
| | January 17, | |

| 15. EDUCATION | 16. MARITAL STATUS Divorced | 17. SURVIVING SPOUSE | No |
| 12 | | |

| 19. STATE OF BIRTH Alabama | 20. RESIDENCE—STATE Alabama | 21. COUNTY Jefferson | CITY Gardendale 35071 |

| 22. INSIDE CITY LIMITS Yes | 23. STREET AND NUMBER 4647 Cades Cove Drive | INFORMANT Dallas Caviness 1554 Sequoia Trail Helena Alabama 35080 |

| 25. USUAL OCCUPATION Technician | KIND OF BUSINESS Elevator Service |

| 28. FATHER—NAME George Walter Caviness, SR. | MAIDEN NAME OF MOTHER First Barbara Middle Last McCarty |

| 30. DISPOSITION OF BODY Cremation | 31. DATE OF DISPOSITION Jan 27, 2007 | 32. CEMETERY OR CREMATORY John's Ridouts | 33. LOCATION Birmingham Alabama |

| 34. FUNERAL HOME Gardendale Chapel 2029 Decator Hwy. G'dale Al. 35071 | 35. FUNERAL DIRECTOR Shirley Chappell | DATE SIGNED Jan.30, 2007 |

| 36. Certifying Physician | X Medical Examiner Coroner | DATE SIGNED February 8, 2007 |
| Signature: Robert M. Brissie, M.D. | |

| 38. TIME AND DATE OF DEATH January 25, 2007 | 40. DATE AND TIME PRONOUNCED DEAD January 25, 2007 @ 1020 | 41. NAME AND TITLE Robert M. Brissie M.D. Chief Coroner/Medical Examiner |

| 42. ADDRESS 1515 South Sixth Avenue, Birmingham Alabama 35233 | 43. CERTIFIER LICENSE NUMBER 9504 |

| 44. REGISTRAR—Signature Sherry L Myers | 45. DATE FILED February 8, 2007 |

For State or County use only

## MEDICAL CERTIFICATION

| 46. PART I. | | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| IMMEDIATE CAUSE | a. Sequelae secondary to acute and chronic ethanol abuse DUE TO (OR AS A CONSEQUENCE OF): | |
| | b. DUE TO (OR AS A CONSEQUENCE OF): | |
| | c. DUE TO (OR AS A CONSEQUENCE OF): | |

| 47. PART II. Other significant conditions | |

| 48. MANNER OF DEATH Natural. | 50. AUTOPSY Yes | 51. If yes Yes |

| 49. HOW INJURY OCCURRED | 52. DATE OF INJURY | 54. HOUR OF INJURY |

| 55. INJURY AT WORK | 56. PLACE OF INJURY | 57. LOCATION OF INJURY |

This is a legal record and must be filed within five (5) days after death.    FEB 12 2007    ADPH-HS 2/Rev. 11-83

I, Dorothy S. Harshbarger, State Registrar of Health Statistics, certify this is a true and exact copy of the original certificate filed in the Center for Health Statistics, State of Alabama, Department of Public Health, Montgomery, Alabama, and have caused the official seal of the Center for Health Statistics to be affixed. 2007-329-362-9

June 14, 2007    RS000004    Dorothy S. Harshbarger, State Registrar



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **RELIASTAR LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2: 07-CV-1084** |
| | ) | |
| **ROBERT W. CAVINESS, DALLAS C. CAVINESS, and RHONDA CAVINESS PIERCE (in her capacity as guardian for DEVIN L. CAVINESS, a minor),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF ROBERT CAVINESS

**STATE OF ALABAMA**          )

**MONTGOMERY COUNTY**        )

Personally appeared before me, the undersigned Notary Public in and for said State and County, Robert Caviness, who is known to me and being first duly sworn, deposes and says as follows:

1.     My name is Robert Caviness. I am over 19 years of age and a resident citizen of Alexander City, Alabama. I have knowledge of the facts contained herein.

2.     My brother, George Caviness, Jr., died on January 25, 2007.

3.     Prior to his death, I learned that my brother had named me as sole beneficiary on his life insurance policy.

4.     Prior to his death, I learned that my brother had named me as sole beneficiary for his pension benefits.

5.     My brother became disabled and ceased working in the fall of 2006.

6.      To my knowledge, George's oldest son, Dallas, was emancipated as of the date of divorce.  My brother never paid child support for Dallas and was not required to do so according to the settlement agreement or order of divorce.

7.      To my knowledge, Dallas never attended college.  My brother did not owe any money for Dallas' college tuition or expenses.

*Robert Caviness*
**ROBERT CAVINESS**

SWORN TO and subscribed before me on this, the 23rd day of July, 2008.

(SEAL)

**NOTARY PUBLIC**
Commission Expires: _____

Notary Public
State of Alabama at Large
My commission expires:
July 29, 2009



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RELIASTAR LIFE INSURANCE COMPANY,   )
                                        )
         PLAINTIFF,               )
                                          )
VS.                                    )
                                          )
ROBERT W. CAVINESS, DALLAS C.     )
CAVINESS, and RHONDA CAVINESS     )
PIERCE (in her capacity as guardian for DEVIN   )
L. CAVINESS, a minor),             )
                                          )
         DEFENDANTS.         )

CASE NUMBER:

2.07-CV-1084

## <u>AFFIDAVIT OF RHONDA CAVINESS PIERCE</u>

STATE OF ALABAMA        )
COUNTY OF JEFFERSON    )

COMES NOW the Affiant, Rhonda Caviness Pierce, who, after first being duly sworn under oath, deposes and states that the following facts are within her personal knowledge, and if called as a witness, the Affiant would testify competently thereto:

    1.     My name is Rhonda Caviness Pierce. I am over the age of nineteen (19) years and am competent to testify to the matters contained in this Affidavit. I am a resident of Shelby County, Alabama. I have personal knowledge of the contents of this affidavit.

    2.     I am the mother of the defendants, Dallas Caviness, who was born on

             and D. C., who was born on        {.

    3.     On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving my marriage with George W.

Caviness, Jr. A true and correct copy of the Final Judgment of Divorce is attached hereto as **Exhibit 1**.

3.     As part of the Final Judgment of Divorce, the Circuit Court of Shelby County ratified, approved and confirmed the Agreement of the Parties executed on January 23, 2004, by George W. Caviness, Jr. and Rhonda R. Caviness. A true and correct copy of the Agreement of the Parties is attached hereto as **Exhibit 2**.

4.     At the time of George W. Caviness, Jr.'s death on January 25, 2007, D. C. was 15 years of age, unmarried and under my care, custody and control. I was his sole means of support.

Further Affiant sayeth not.

*Rhonda Caviness Pierce*

RHONDA CAVINESS PIERCE

**STATE OF ALABAMA**          )
**COUNTY OF JEFFERSON**       )

    BEFORE ME, the undersigned authority, a notary public, in and for said county and state, personally appeared Rhonda Pierce, who being by me first duly sworn and who being known to me, deposes and states that the information set forth in the foregoing Affidavit is true and correct to the best of his knowledge, information and belief.

    SWORN TO and subscribed before me on this the _4th_ day of June, 2008.

NOTARY PUBLIC
My Commission Expires: _11-4-08_

PAGE 3 OF 3

{W0206067.1 }



NATIONAL ELEVATOR INDUSTRY

BENEFIT PLANS

19 CAMPUS BLVD., SUITE 200, NEWTOWN SQUARE, PA 19073-3288

**Via Certified Mail**
**7005 0390 0005 6090 1728**

EXHIBIT

G

September 12, 2007

Mr. Robert Caviness
PO Box 278
Wetumpka, Alabama 36092

Re:    National Elevator Industry Health Benefit Plan and
       National Elevator Industry Pension Plan
       George W. Caviness (Deceased), ID#: 801058777

Dear Mr. Caviness:

I am in receipt of your facsimile letter requesting paperwork pertaining to the death of your brother, George W. Caviness, Jr., including a copy of "insurance policies, application for benefits, pension benefits, beneficiary documents (enrollment and information changes forms), paperwork of any competing claims, or any other paperwork that is relevant to his death and any benefits." Below please find the documents responsive to your request that the Funds may provide to you. Please also be advised that I do not have record of a prior request for documentation.

Attached please find a copy of the Summary Plan Description for the NEI Health Benefit Plan and the NEI Pension Plan, as well as summaries of subsequent benefit changes. You may also view these documents on the Plans' website, located at www.neibenefits.org. I have also attached a copy of Mr. Caviness's Enrollment form, the Plan's letters dated February 26, 2007 and June 8, 2007. In addition, I have also enclosed a copy of the divorce decree and settlement of George W. Caviness, Jr. Finally, per your request, I have attached an application for the life insurance and pension benefits that are payable on behalf of the death of Mr. Caviness. However, as I have previously advised, there is a competing claim for the benefits that are payable on behalf of the death of George W. Caviness, Jr. and the benefits are being interpled with the applicable court, so the court will determine the proper beneficiary.

If you have any questions, please feel free to call.

Very truly yours,

James M. Govannicci
Director, Pension and Eligibility Operations

Enclosures

cc: David D. Capuano, Esq. (w/encl.)
    Rhonda Caviness



# NATIONAL ELEVATOR INDUSTRY

## BENEFIT PLANS

19 CAMPUS BLVD., SUITE 200, NEWTOWN SQUARE, PA 19073-3288

Robert Caviness
15 High Ridge Ct.
Westumpka, AL 36093-1615

02/26/07
Death Benefits
Decedent: George W. Caviness, Jr.
ID# 801058777
Date of Death 01/25/07

Re:    Pension Plan

By reason of the stated Plan Member's death you may be entitled to the
following benefits:

_____    Death Benefit from the Pension Fund in the amount of $5,000.00.

___x___   **Life Insurance Benefit of $40,000.00 from the Health Fund, subject to
approval by ReliaStar Life Insurance Co.**

_____    Accidental Death Benefit of $40,000.00 from the Health Fund, subject
to approval by ReliaStar Life Insurance Co.

_____    The option to continue the Medical, Dental and Vision coverage under COBRA.

___x___   **A monthly pension benefit of 50% of your Brother's entitlement
effective 02/017/07 for 10 years.**

_____    In order to process your pension Death Benefit or your monthly Pension,
please return the pension payment for the month of      . This is required
for tax and audit purposes. The amount due is      .

Please complete, sign and return the enclosed forms together with
a certified death certificate. Call us if you need any
information. It is our privilege to be of service.

Very truly yours,

Maureen C. Green
Accounting Associate

cc: Business Representative, Local #24

## ENROLLMENT AND INFORMATION CHANGES
## NATIONAL ELEVATOR INDUSTRY BENEFIT PLANS
### (Not to be used for National Elevator Industry 401(k) Plan)

(Please type or print in ink-Complete entire form)
**PLEASE READ REVERSE SIDE**

[ ] Helper- New to Trade
[ ] Retired    [ ] Active Employee
[ ] Address Change-This does not require Notarization
[ ] Dependent Add or Change-Provide required documentation-(SEE REVERSE SIDE)
[X] Beneficiary Add or Change

Employee Name _George W. Cariness Jr._    Soc.Sec.No. _____

Address _4647 Cades Core Dr._

City _Birmingham_    State _AL_    Zip Code _35271_

Birth Date _____    Hire Date _____    Union Local No. _24_    Home Telephone No. _(205) 223-3820_

Failure to list eligible dependents and to supply required documentation may result in a denied Health Plan claim. False information may result in loss of eligibility and/or prosecution.   (Spouses, children under age 19, full-time students under age 25, handicapped or disabled children are eligible dependents.)

### Eligible Dependents

| Last Name | First | Initial | Soc. Sec. No. | (M) F | Date of Birth Month/ Day/Year | Relationship |
|-----------|-------|---------|---------------|-------|-------------------------------|--------------|
| Cariness | George | W. | | M | | Self |
| Cariness | Devin | E. | | M | | Son |

### Beneficiary Information

Name _Robert William Cariness_    Soc. Sec. No. _____

Address _15 High Ridge Court_    Date of Birth _____

City _Wetumpka_    State _AL_    Zip _36093_

Relation to Employee _Brother_    Share _100_%    Home Phone No. _(334) 5?? 0006_

### Beneficiary Information

Name _____    Soc. Sec. No. _____

Address _____    Date of Birth _____

City _____    State _____    Zip _____

Relation to Employee _____    Share ___%    Home Phone No. ( )

### (FOR ADDITIONAL AND/OR CONTINGENT BENEFICIARIES USE SEPARATE SHEET)

I hereby designate the above to be beneficiary of any benefits due from the National Elevator Industry Pension and Health Benefit Plans. This designation revokes any prior designation inconsistent herewith. I reserve the right to change the beneficiary at my discretion and understand that any change is not effective unless this form is properly completed and received by the Benefits Office. If more than one beneficiary is named, payment shall be made in equal shares unless otherwise stated.

_George W. Cariness Jr._    Date _December 13, 2004_
Signature of Employee

Sworn to or affirmed and subscribed before me, a Notary Public, this _13_ day of _December_ 2004

_____    NOTARY PUBLIC STATE OF ALABAMA AT LARGE
Notary Public                MY COMMISSION EXPIRES: Feb 1, 2006
                            BONDED THRU NOTARY PUBLIC UNDERWRITERS

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd. Suite 200
Newtown Square PA 19073-3288

06/13/2007    07:05



## NATIONAL ELEVATOR INDUSTRY
### BENEFIT PLANS

19 CAMPUS BLVD., SUITE 200, NEWTOWN SQUARE, PA 19073-3288

June 8, 2007

**VIA CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**

Ms. Rhonda Caviness
1554 Sequoia Trl
Helena, AL 35080-3824

    Re:    National Elevator Industry Health Benefit Plan and the
            National Elevator Industry Pension Plan
            George W. Caviness, Jr. (Deceased), ID#: 801058777

Dear Ms. Caviness:

    The Trustees of the National Elevator Industry Health Benefit Plan and the National Elevator Industry Pension Plan reviewed your appeal for payment of all life insurance and pension benefits to the children of George W. Caviness, Jr. After an in-depth discussion, the Trustees of the Funds determined that they must deny the appeal, as discussed more fully below.

    The Funds have competing claims to the benefits payable as a result of the death of George W. Caviness, Jr. George Caviness passed away on January 25, 2007. At the time of his death, he was not married; you and Mr. Caviness had divorced on February 23, 2004. You maintain that the dissolution documents require that Mr. Caviness's two children, Dallas and Devin, be treated as Mr. Caviness's beneficiaries for purposes of any life insurance and pension benefits payable by the Funds due to his death.

    However, the last Enrollment and Information Changes Form that the Funds have on file lists Mr. Caviness's brother, Robert William Caviness, as his sole beneficiary for any benefits due from the National Elevator Industry Pension and Health Benefit Plans.

    Because of these competing claims, the Trustees of the Funds decided to initiate an interpleader action to resolve this dispute, unless you can come to an agreement between yourselves on a division of the benefits. In an interpleader action, a court will determine which competing claimant shall be entitled to receive the benefits.

    We urge you to consider this matter carefully and determine whether a mutually agreeable resolution is in the best interest of everyone concerned. Upon receipt of a joint written request signed by all of the claimants (including any custodial parent of a minor child) and notarized, the Funds will honor the request on how to divide the benefits between the claimants as long as the division does not actuarially increase the amount of benefits payable by the Funds.

CALL TOLL FREE 1-800-523-4702 OR 610-325-9100
FAX 610-325-9029 HEALTH PLAN DEPT.
FAX 610-325-9028 ALL OTHER DEPTS.

DRAFT -- 6/7/07

If you do not notify the Fund Office, in writing, within thirty (30) days from the date of this letter that you have agreed to accept a mutually agreeable apportionment of the benefits along with the details of your agreement, the Funds will proceed with an interpleader lawsuit to resolve this matter. The Fund office will be happy to discuss any proposed apportionment with the parties.

If you have any questions, please feel free to contact the undersigned.

Very truly yours,

James M. Govannicci
Director, Pension & Eligibility Operations

cc:    Robert William Caviness
       Mary C. Feller, Esq.
       Maureen Green, Accounting Associate

2

# NATIONAL ELEVATOR INDUSTRY
# PENSION BENEFIT PLAN

19 Campus Boulevard • Suite 200 • Newtown Square, PA 19073-3288
800-523-4702 • www.neibenefits.org

## Important Notice of Benefit Changes from April 1998 to Present

Below is a summary of the important changes to the National Elevator Industry Pension Plan from April 1, 1998 to the present. These changes modify the printed plan document for the National Elevator Industry Pension Plan. Please contact the Benefits Office with questions regarding any of the following notices.

### Benefits Notice April 1998

### Disabled Participants Pursuing a Social Security Disability Award

As an additional benefit to you and your family, the NEI Benefit Plans have contracted with **Allsup, Inc.**, a professional representative, who will pursue your claim with Social Security for a disability award. Allsup Inc. is a specialized claims administration company that provides a full range of Social Security assistance services to disability applicants throughout the United States and Canada. As a member of the National Elevator Industry, Allsup's services are available at **absolutely no cost to you and your family**. Allsup Inc.'s knowledge of the Social Security disability program and its claims process allows them to act on your behalf from one of their field offices with minimal, if any, direct contact between you and the Social Security Administration.

Any telephone calls on this matter should be made directly to Allsup Inc. by phoning the Benefits Information Center at (800) 883-6650, or by writing Allsup at 300 Allsup Place, Belleville, Illinois 62223.

### Applicable Benefit Rate of $80.00 for 1999

The Applicable Benefit Rate will be increased to $80.00 for all retirements with an effective date of February 1, 1999 and thereafter, provided the retiree meets all other requirements of the Plan to receive this higher rate.

### Retiree Benefit Increases

- **Effective January 1, 1999**, the increases listed below have been approved for pensioners and surviving spouses of deceased pensioners who are then in pay status. The increases do not apply to "early vested" and "normal vested" pensions (those who left the elevator industry prior to age 55).

- A minimum benefit rate of $35.00* per month for each year of credited service.
  This applies to all retirements effective after 1/1/99. The prior minimum rate was $31.20.

- 12.19% increase* for retirements with an effective date between August 1, 1962 to July 1, 1981, the effect of which is a minimum benefit rate of $35.00.

- 4.49% increase* for retirements with an effective date between August 1, 1981 and January 1, 1983, the effect of which is a minimum benefit rate of $35.00.

- 4.00% increase* for retirements with an effective date between February 1, 1983 and January 1, 1999.

*\* These increases do not apply to the early retiree temporary supplemental benefit of $5 for each year of credited service. For a surviving spouse in receipt of a pension the increase is based upon the pensioner's retirement effective date or, in the case of an employee who died while working (before retirement) the increase is based upon the date the pension was first payable. The increases will be calculated prior to any pension deductions, such as health coverage premium and income tax withholding.*

inspector and in the case of a retiree who has attained age 65 and who works in the elevator industry in any capacity under 40 hours in a month.

## Applicable Benefit Rate of $90.00 for 2001

The Applicable Benefit Rate will be increased to $90.00 for all retirements with an effective date of February 1, 2001 and thereafter, provided the retiree meets all other requirements of the Plan to receive this higher rate.

## Retiree Benefit Increases

- **Effective January 1, 2001**, the increases listed below have been approved for pensioners and surviving spouses of deceased pensioners. The increases do not apply to "early vested" and "normal vested" pensions (those who left the elevator industry prior to age 55).

- 3.0%* increase in the benefit (or a minimum effective benefit rate of $45 if greater) for all retirements with an effective date of January 1, 2001 and prior thereto.

- Increase in the minimum benefit rate to $45 (from $40) for all future retirees with a pension effective date of February 1, 2001 or later.

*\* This increase does not apply to the early retiree temporary supplemental benefit of $5 for each year of credited service. For a surviving spouse in receipt of a pension, the increase is based upon the pensioner's retirement effective date or, in the case of an employee who died while working (before retirement) the increase is based upon the date the pension was first payable. The increase will be calculated prior to any pension deductions, such as health coverage premium and income tax withholding.*

## 50% Husband and Wife Form of Annuity - Limit on reduction of pension with spouse more than three (3) years younger than pensioner

For pensions effective January 1, 2001 and thereafter, in the case of a pensioner and younger spouse of more than three (3) years, the age difference factor to be applied will be 91.6% of the pensioner's accrued benefit (an 8.4% reduction maximum). This applies only to the 50% Husband and Wife annuity pension. The change represents a benefit improvement over the current age difference factor of 90% of the pensioner's accrued benefit (a 10% reduction maximum) when the pensioner's spouse is more than five (5) years younger.

## *Military Activation or Leave* – Effective October 2001

### Pension Credits:

The following is provided as a matter of information and is in accordance with current law:

Any elevator constructor participating in the National Elevator Industry Pension Plan whose employment in the trade has been interrupted by military service is entitled to receive Pension hours at the rate of 1,700 per year or approximately 142 hours per month of military service. It will be necessary to send the proper documentation to the Benefits Office for review. This documentation is usually either military discharge papers or a letter from the military - both of which must list the employee's activation and deactivation dates.

Documentation for Health eligibility or Pension hours should be sent to National Elevator Industry Benefit Plans, 19 Campus Blvd., Newtown Square, PA 19073-3288.

### Former Spouse - Designated Beneficiary

Effective January 1, 2002 the designation as Beneficiary of a spouse will be revoked for all plan purposes (such as for a return of contributions or a pre-retirement death in service pension of an unmarried Employee) upon the Employee's divorce from the spouse. A designation as Beneficiary of a former spouse will be effective only if it is properly executed after the divorce on the appropriate Benefits Office form, received by the Benefits Office prior to the Employee's death and not otherwise changed or revoked.

## Temporary Supplemental Pension Benefit for Early Retirees

| Date of Retirement | % Increase |
|---|---|
| Prior to February 1, 1985 | Minimum benefit rate of $47.00 |
| February 1, 1985 – January 31, 1994 | 3.0% |
| February 1, 1994 – January 31, 1997 | 2.0% |
| February 1, 1997 – January 31, 2000 | 1.0% |
| February 1, 2000 – January 31, 2001 | 0.5% |
| February 1, 2001 and later | 0.0% |

## Benefits Notice April 2006

### Ability to Convert an Early Retirement Pension to a Disability Pension

An Early Retiree under the Plan, who is eligible to convert their Pension to a Disability Pension under Section 4.03 of the Plan and notifies the Benefits Office that they have received a Social Security Disability Award, will receive a Notice of Eligibility to Convert. The Early Retiree must elect to convert their pension to a Disability Pension by completing an Election Form included with the Notice of Eligibility to Convert and returning it so that the completed Election Form is received by the Benefits Office within 30 days of the date of the Notice of Eligibility to Convert. The effective date of the conversion will be the first of the month following the month in which the election is received by the Benefits Office.

## Benefits Notice April 2007

### Applicable Benefit Rate of $93.00 for 2007

The Applicable Benefit Rate will be increased to $93.00 for all retirements with an effective date of February 1, 2007 and thereafter, provided the retiree meets all other requirements of the Plan to receive this higher rate.

### Retiree Benefit Increase

The Trustees of the National Elevator Industry Pension Plan recognize the difficulties faced by existing retirees and approved the following increase effective January 1, 2007, for pensioners and surviving spouses of deceased pensioners. The minimum benefit rate has been increased to $50 (from $47) for all future retirees with a pension effective date of February 1, 2007 or later. The increase does not apply to "early vested" and "normal vested" pensions (those who left the elevator industry prior to age 55) or to the Temporary Supplemental Benefit. **This increase was implemented in January 2007.**

| Date of Retirement | % Increase |
|---|---|
| Prior to February 1, 1985 | Minimum benefit rate of $50.00 |
| February 1, 1985 – January 31, 1994 | 3.0% |
| February 1, 1994 – January 31, 1997 | 2.0% |
| February 1, 1997 – January 31, 2000 | 1.0% |
| February 1, 2000 – January 31, 2007 | 0.5% |
| February 1, 2007 and later | 0.0% |

### Pre-Retirement Spouse's Benefit

If a married Employee dies within 90 days of the Benefits Office mailing a pension application, the Surviving Spouse may elect to receive the survivor portion of the 100% Husband and Wife Pension instead of the Pre-Retirement Spouse Benefit, if the actuarial present value of the survivor portion is greater than that of the Pre-Retirement Spouse Benefit.